# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ‖ | |
| Plaintiff, | ‖ | No. CR 99-0028-LRR |
| vs. | ‖ | |
| JAMES ERIC MOORE, | ‖ | **ORDER** |
| Defendant. | ‖ | |

_____

The matter before the court is Defendant James Eric Moore's Motion to Dismiss Supervised Release Revocation Proceeding (the "Motion") (docket no. 87).

On June 1, 2005, Defendant filed the Motion under consideration here. On June 29, 2005, the government filed a resistance (docket no. 90). The court finds the Motion fully submitted and ready for decision.

The court has reviewed Defendant's arguments and finds them wholly without merit. Defendant argues the statute authorizing the revocation of his supervised release, 18 U.S.C. § 3583, is unconstitutional because a "supervised release revocation sentence exceeds the statutory maximum sentence imposed under § 841(b)(1)(C) without the enhancing factor being submitted to the jury under the beyond a reasonable doubt standard." Motion Brief at 2-3. The argument that facts used to revoke a defendant's supervised release must be tried before a jury and found beyond a reasonable doubt was rejected by the United States Court of Appeals for the Eighth Circuit in *United States v. Shurn*, No. 04-3033, 2005 U.S. App. LEXIS 6620, at *1 (8th Cir. Apr. 18, 2005) (per curiam) (unpublished). The Eighth Circuit Court of Appeals explained "[t]he Supreme

Court has never recognized a Sixth Amendment right to have a jury determine the facts relevant to the revocation of supervised release." *Id*. at *3 (citing *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)). *Shurn* involved a challenge of a supervised release revocation, and not the revocation of probation or parole. The Eight Circuit Court of Appeals decided *Shurn* after the United States Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296 (2004); and *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005). Moreover, a term of imprisonment resulting from the revocation of a defendant's supervised release is not implicated by the Supreme Court's holding in *Booker* because Chapter 7 of the United States Sentencing Guidelines "has always been advisory." *United States v. Davis*, No. 04-2807, 2005 U.S. App. LEXIS 10941, *1 (8th Cir. June 8, 2005) (per curiam) (unpublished) (citing *United States v. Holt*, No. 04-3252, 2005 U.S. App. LEXIS 9258, *1 (8th Cir. May 11, 2005) (per curiam) (unpublished)).

The court also finds meritless Defendant's contention that the term of imprisonment resulting from the revocation of supervised release increases his punishment above the statutory maximum. In *Apprendi*, 530 U.S. at 490, the Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Defendant pleaded guilty to distribution of cocaine base, a violation of 21 U.S.C. § 841(b)(1)(C). As part of the "prescribed statutory maximum penalty" for this offense, Congress specifically provides, in relevant part:

> Notwithstanding section 3583 of title 18, any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 3 years in addition to such term of imprisonment. . . .

2

21 U.S.C. § 841(b)(1)(C). Therefore, the statutory penalty for Defendant's crime requires the imposition of at least a three year term of supervised release. Congress, by statute, authorizes this court to, in relevant part,

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation . . . more than 2 years in prison if [the offense that resulted in the term of supervised release] is a class C . . . felony. . . .

18 U.S.C §§ 3583(e)(3), 3559(a)(3) (defining Class C felony to include any "offense that is not specifically classified by a letter grade in the section defining it" that has a "maximum term of imprisonment" of "less than twenty-five years but five or more years"). Therefore, the prescribed statutory maximum penalty for Defendant's crime includes the possible penalty of an additional two years in prison if he violates a condition of his supervised release. It therefore follows that at Defendant's revocation of supervised release hearing, the court would not be considering whether to impose a penalty in excess of the penalty prescribed by statute.

The court finds all Defendant's alleged constitutional violations are meritless. The court **DENIES** Defendant James Eric Moore's Motion to Dismiss Supervised Release Revocation Proceeding (docket no. 87).

**IT IS SO ORDERED.**

**DATED** this 14th day of July, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA